HERBERT J. MOTT ET AL. V. ULRICH BISSICUMMER ET AL.

FILED MAY 18, 1897.   No. 7278.

1. Action on Bond to Discharge Liens Against Realty: PLEADING. Petition examined, and *held* to state a cause of action.

2. ——: EVIDENCE.  Evidence examined, and *held* wholly insufficient to sustain the verdict.

ERROR from the district court of Dundy county.   Tried below before WELTY, J.   *Reversed.*

*S. R. Smith,* for plaintiffs in error.

*J. S. West* and *J. W. James, contra.*

RAGAN, C.

Ulrich Bissicummer owned a tract of land in Lincoln county and Herbert J. Mott owned a tract of land in Dundy county.   The land of Mott was incumbered by two mortgages,—one of $800 and one of $120.   The parties exchanged lands and Mott and others executed and delivered to Bissicummer a bond in the penal sum of $1,000 conditioned that the signers of said bond would pay and discharge the incumbrances upon the land conveyed to Bissicummer on the maturity of such incumbrances.   Bissicummer brought this suit against Mott and others in the district court of Dundy county on said bond.   He had a verdict and judgment, and Mott and others have brought the judgment here by petition in error.

1. The first argument is that the petition does not state a cause of action.   The petition alleges the ownership of the lands by the parties; their exchange; the incumbrances upon the Mott land; the execution and delivery of the bond to indemnify Bissicummer against said incumbrances, and the failure of Mott to pay off said incumbrances; plaintiffs' payment of said mortgage; his

mortgaging the land to raise that money, and that suit had been brought on that mortgage, the same foreclosed, and the land sold and Bissicummer thereby deprived of his title. The petition states a cause of action.

2. The second assignment of error is that the verdict on which the judgment is based is not supported by sufficient evidence. With this contention we agree. The $800 mortgage is not involved in this action. It seems, indeed, that suit was brought to foreclose that mortgage, and some one paid it off before it went to decree. We presume this payment was made by Mott, though the record is silent upon the subject. In any event there is no claim in the evidence that Bissicummer paid it or that he was deprived of the title to the land purchased of Mott by a foreclosure of that mortgage. The evidence shows that suit was brought to foreclose the $120 mortgage, and that Mott thereupon advanced the money and paid the full amount of the decree rendered thereon and all the interest then due upon the unmatured $800 mortgage; and not only that, but that he also paid part, at least, of the attorney fees of Bissicummer's counsel, and the sum of $45 to indemnify Bissicummer for the wear and tear "of his system," as it is expressed in the record. This was late in February, 1890. This evidence stands undisputed. After this payment by Mott a man named Graves brought a suit in attachment against Bissicummer and caused the land conveyed to him by Mott to be seized and sold subject to the $800 mortgage. The theory of Bissicummer's petition is that his indebtedness to Graves arose by his borrowing from him the money with which to pay the decree of the $120 mortgage. Bissicummer himself does not appear as a witness in this case. A witness testifies for him that he did borrow the money of Graves for the purpose of paying the decree rendered on the $120 mortgage. But there is not a word of evidence that the money Bissicummer borrowed of Graves was in fact applied to the payment of such decree; and before Graves brought his suit against Bissicummer Mott had

paid the $120 mortgage decree in full. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.